UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**COMPETITOR LIAISON BUREAU, INC.,**
**NASCAR, INC.,**

        Plaintiffs,

-vs-                                                        Case No. 6:08-cv-2165-Orl-28GJK

**CESSNA AIRCRAFT COMPANY,**

        Defendant.
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF ITS APPLICATION FOR COSTS AND ATTACHED BILL OF COSTS (Doc. No. 144)** |
| **FILED:** | April 22, 2011 |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**. |

### I. BACKGROUND

This case arises from an aircraft accident that occurred on July 10, 2007, near Sanford, Florida. Doc. Nos. 2, 34-35. The aircraft, a twin-engine Cessna 310R, was manufactured by Defendant, Cessna Aircraft Company (hereafter "Cessna"), in 1977 (Doc. No. 99-18 at 4),

owned by Plaintiff, Competitor Liaison Bureau, Inc. and operated by Plaintiff, NASCAR, Inc. (collectively referred to as "NASCAR"). Doc. Nos. 2 at 2; 34 at 2; 35 at 2. NASCAR was insured by United States Aviation Underwriters, Inc., Lexington Insurance Company, and Westchester Fire Insurance Company. Doc. No. 2 at 34-35.

Various claims were asserted against NASCAR and NASCAR and its insurance carriers settled those claims with a reservation of rights to seek reimbursement against the party or parties who were ultimately responsible. Doc. No. 2 at 34-35. Thereafter, on behalf of the above named insurance companies, NASCAR filed suit against Cessna asserting negligence, strict liability, and breach of warranty. Doc. No. 2 at 34-35. NASCAR also sought equitable subrogation, legal subrogation, indemnity, and contribution. Doc. No. 2 at 34-35.

On April 8, 2011, the Court granted summary judgment in favor of Cessna, finding that the statute of repose, section 95.031(2)(b), Florida Statutes, barred NASCAR's claims. Doc. No. 142. Accordingly, judgment was entered for Cessna. Doc. No. 143. On April 22, 2011, Cessna moved for an award of costs against NASCAR (hereafter "Motion"). Doc. No. 144. Attached to the Motion is a bill of costs and supporting documentation. Cessna seeks $51,981.15 in costs, broken into the following categories:

1. Fees for service of summons and subpoena - $275.00;

2. Fees for printed or electronically recorded transcripts - $48,412.15;

3. Fees for witnesses - $262.00;

4. Fees for exemplification and the costs of making copies - $2,682.00; and

5. Docket fees under 28 U.S.C. § 1923 - $350.00.

Doc. No. 144-1 at 1.

On May 11, 2011, NASCAR filed its response to the Motion. Doc. No. 150. The only

objections NASCAR raises are to the $48,412.15 Cessna claims for printed or electronically recorded transcripts. Of this amount, NASCAR challenges "$27,869.95" associated with seventeen witness depositions. Doc. No. 150 at 2.[1] NASCAR contends the Court should decline to award costs charged for copying deposition exhibits that were attached to fourteen witness depositions because Cessna did not demonstrate that copying the deposition exhibits was necessary, the copies were for Cessna's counsel's convenience, and the exhibits were already in Cessna's possession prior to the depositions, and therefore, unnecessary. Doc. No. 150 at 3-11.

As to three remaining witnesses, NASCAR objects to being taxed the cost of the Michael Richardson (hereafter "Richardson"), Ryan Schober (hereafter "Schober") and Jim Pomroy (hereafter "Pomroy"), depositions because the invoices do not indicate what the court reporter charged for copying the exhibits. Doc. No. 150 at 11-12. Rather, the invoices simply indicate that the depositions were transcribed "with exhibits," but does not itemize the cost for copying the exhibits. Doc. No. 150 at 12. If the Court decides to award any "charges for copying deposition exhibits," NASCAR contends they should be reduced by fifty to seventy percent "owing to apparent inflation in the billed amounts." Doc. No. 150 at 12-13. To support this assertion, NASCAR attaches an invoice itemizing the charges for copying the exhibits to Merritt Birky's (hereafter "Birky") deposition. NASCAR also attaches an affidavit from one of its attorneys, Thomas C. Smith (hereafter "Attorney Smith"). Doc. No. 150-11.

In the affidavit, Attorney Smith avers that his firm received an invoice for $10,008.60 from Gwendolyn Park Court Reporters for a copy of Birky's deposition and exhibits. Doc. No.

---

[1] In its response, NASCAR challenges the costs associated with seventeen witnesses, whose invoices are attached to the Motion. The sum of these itemized costs, as identified in the invoices, is $27,703.90, not $27,869.95 as identified by NASCAR.

150-11 at ¶ 2.² The court reporter charged $720 for a copy of the deposition and $9,288 for the exhibits. Doc. No. 150-11 at ¶ 2. After discussions with the court reporting service, the cost for copying the deposition exhibits was reduced from $9,288 to $2,297.60. Doc. No. 150-11 at ¶ 3.

On May 17, 2011, Cessna filed its reply. Doc. No. 154. In its reply, Cessna proffers several reasons why copying the deposition exhibits was necessary. For the expert witnesses it deposed, Cessna contends it was necessary to copy the exhibits because the documents were brought in response to subpoenas duces tecum. Cessna also contends that it attached the subpoenas as an exhibit to the depositions "to prevent later disagreement regarding witness compliance or testimony" and that this is "routinely done . . . to avoid future confusion or disagreement regarding the exact document referenced by the witness and as a shield against future surprise by the deposed witness who attempts to use some previously unknown document that should have been provided in response to the earlier *duces tecum*." Doc. No. 154 at 3.

As for the other witnesses, Cessna does not dispute that it had the deposition exhibits prior to the depositions. Rather, Cessna asserts "it was reasonably necessary" to obtain a copy of the deposition transcript and exhibits that NASCAR "determined were particularly relevant and which [NASCAR] made a topic of the deposition." Doc. No. 154 at 6. Cessna also argues that NASCAR "cannot now assert that it was not reasonably necessary for [Cessna] to obtain copies of the very documents chosen by [NASCAR's] counsel and used to examine [Cessna's] corporate representatives and potential trial witness[es] . . . ." Doc. No. 154 at 7.

Cessna further argues that it would be inequitable to disallow the costs of the Richardson, Schober and Pomroy depositions simply because "the court reporter failed to discriminate

---

² The Court's review of the billing invoices indicates that Gwendolyn Park Court Reporters transcribed all of the depositions at issue in this case.

between transcript and copy cost." Doc. No. 154 at 8. Cessna, however, does not address NASCAR's assertion that the copying costs charged by the court reporter were inflated and should be reduced.

## II. STANDARD OF REVIEW

A prevailing party may recover costs *as a matter of course* unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54(d)(1).[3] Congress has delineated which costs are recoverable under Rule 54(d). *See* 28 U.S.C. § 1920; *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts <u>necessarily obtained for use in the case</u>;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are <u>necessarily obtained for use in the case</u>;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

---

[3] Rule 54(d)(1), Federal Rule of Civil Procedure, provides:
 Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

28 U.S.C. § 1920 (emphasis added). The Court has discretion to award those costs specifically enumerated in Section 1920. *See Crawford*, 482 U.S. at 440-44. The Court may not tax as costs any items not included in Section 1920. *Id.*; *see also Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460 (11th Cir.1996).

"To rebut the presumption that the prevailing party receives costs, the losing party 'must demonstrate that there is some fault, misconduct, default or action worthy of penalty on the part of the prevailing party.'" *Perez v. Sanford-Orlando Kennel Club, Inc.*, 2007 WL 842771 at *6 (M.D. Fla. Mar. 20, 2007) (quoting *Desisto Coll., Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 911 (M.D. Fla. 1989)). "Thus, when challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed costs is a matter 'within the exclusive knowledge of the prevailing party.'" *Id.*

In the case at bar, NASCAR only challenges whether Cessna may properly recover the costs charged by the court reporter for copying deposition exhibits. The parties appear to agree that the costs for copying the deposition exhibits may be taxed under Section 1920(4): fees for exemplification and copying costs. Doc. Nos. 150 at 2; 154 at 2. In determining whether copying costs are taxable, "the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). The party seeking photocopying costs must present "evidence showing the nature of the documents copied, including how they were used or intended to be used in the case . . . . A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made." *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992). Costs for the convenience of counsel are not allowed. *Id.*

Cases that have addressed whether a party may recover costs for copying deposition exhibits, generally speaking, adhere to the standard of review set forth above. Thus, the party seeking to tax the costs of copying deposition exhibits bears the burden of showing the necessity for the copies and that they were not made merely for counsel's convenience. *See Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1354 (S.D. Fla. 2009). In the context of copying deposition exhibits, some cases have indicated that these costs should be taxed if they are "essential to understanding an issue in the case." *Henderson v. Home Depot U.S.A., Inc.*, 2006 WL 4978430 at *4 (M.D. Fla. July 6, 2006); *Fait v. Hummel*, 2002 WL 31433424 at *2 (N.D. Ill. Oct. 30, 2001). Other cases assume that because the deposing party normally provides the exhibits, the "deposing party should have no need other than the convenience of counsel for copies of the deposition exhibits." *George v. Fla. Dep't of Corrections*, 2008 WL 2571348 at *6 (S.D. Fla. May 23, 2008); *see also Robinson*, 643 F. Supp. 2d at 1354 (disallowing copying cost of deposition exhibits where, "[p]resumably, Defendant possessed copies of the exhibits used at their deposition of Plaintiff."). Similarly, the cost of copying deposition exhibits has been disallowed when the documents were already in the possession of the party moving for costs. *See Vantage View, Inc. v. QBE Ins. Corp.*, 2010 WL 3746089 at *21 (S.D. Fla. May 24, 2010) (report and recommendation rejected on other grounds).

## III. ANALYSIS

In the case at bar, NASCAR does not challenge the costs Cessna incurred for serving summons and subpoenas, witness costs, docket fees or copying costs. These costs total $3,569 and are expressly permitted by Section 1920(1), (3), (4) and (5).[4] It is **RECOMMENDED** these

---

[4] $275 (summons and subpoena) + $262 (witness fees) + $2,682 (copying costs) + $350 (docket fees) = $3,569.

costs be awarded to Cessna.

For fourteen witnesses, NASCAR objects to being taxed the costs for copying deposition exhibits; for three witnesses, NASCAR objects to being taxed the entire deposition. In total, NASCAR objects to $27,703.90 in costs for the following witnesses:

    Merritt Birky -        $13,002;

    Orion Keifer -        $5,494.45;

    Gregory Feith -      $653.50;

    Richard McSwain -   $357 and $359;

    Stephen Nelson -     $528;

    Doug Stimpson -      $136;

    Norman Alvares -    $385.50;

    Michael Burnett -    $267.00;

    Gordon Hartzell -    $1,018.65;

    Victor Weedn -       $413.50;

    Philip A. Bos -        $151.00;

    Raymond Claxton -   $100.50;[5]

    Jan Reid Smith -      $1,870;

    Michael Deas -       $478.95;[6]

    Michael Richardson - $636.35;

---

[5] In their response, NASCAR erroneously indicates that the cost for copying deposition exhibits for Raymond Claxton's deposition is $110.50. *See* Doc. No. 150 at 10.

[6] In its response, NASCAR indicates the cost of copying Deas' deposition exhibit was $635.50. Doc. No. 150 at 11. The invoice indicates the copying cost is $478.95. Doc. No. 144-2 at 29.

Ryan Schober -     $441.85; and

Jim Pomroy -       $1,410.65.

Doc. Nos. 144-2 at 13, 17, 19, 25, 27, 29; 144-3 at 5, 7, 14, 22, 24, 30; 144-4 at 2, 6, 8, 16, 20; 144-5 at 1; 150 at 3-12.

The Court is persuaded that the costs associated with copying the deposition exhibits should be partially allowed. The issues raised in this suit were complex, with both parties hiring numerous expert witnesses to testify on their behalf. Cessna's bill of costs reflects forty (40) witnesses that were deposed. Doc. No. 144-2 at 1-2. The document production was voluminous. *See* Doc. No. 144-2 at 3. In light of the complexity of issues, numerosity of witnesses and documents, Cessna's argument that it was reasonable and necessary to copy the exhibits attached to the depositions is persuasive. However, NASCAR has presented a legitimate question regarding the reasonableness of the copy rates charged by the court reporter and Cessna has failed to address that issue. Doc. Nos. 150 at 12-13; 154.

The itemized invoice of the Birky deposition that NASCAR attaches to its response reflects, in relevant part, that the court reporter charged $0.50 for black and white copies and $2.50 for color copies. *See* Doc. No. 150-10.[7] Because the invoices reflect that the same court reporter transcribed and copied the exhibits for all of the depositions in question, it is logical to infer that the court reporter charged the same per page copy rates for every deposition in dispute. There are three reasons that support finding these per page copying rates unreasonable.

First, Attorney Smith avers, in his affidavit, that the court reporter reduced the cost,

---

[7] The itemized invoice, provided by NASCAR, indicates that the court reporter made a total of 2,861 black and white copies, charging $1,430.50, and 2,455 color copies, charging $6,137.50. Doc. No. 150-10. This is the only evidence the parties have submitted indicating the copying rates charged by the court reporter.

9

charged to NASCAR, for copying the Birky deposition exhibits from $9,288 to $2,297.60, a near seventy-five percent discount. Doc. No. 150-11 at ¶ 3. Second, Cessna's own bill of costs reflects that it paid $0.10 per page for copying its trial exhibits. Doc. No. 144-2 at 3. Assuming its trial exhibits were black and white copies, the court reporter charged five times more. Third, Cessna did not address NASCAR's argument that the court reporter's copying charges were inflated. Thus, even though copying the deposition exhibits was necessary, the Court should exercise its discretion and reduce the costs sought for copying the deposition exhibits by half.

The Richardson, Schober and Pomroy depositions should be taxed in their entirety. NASCAR's argument for disallowing these costs is predicated on being unable to determine how much the court reporter charged for copying the deposition exhibits. However NASCAR has failed to show the court reporter charged for copying the exhibits to these depositions. The invoices for these depositions indicate the name of the deponent and charge for transcribing the deposition. *See* Doc. Nos. 144-4 at 2, 6, 8. Underneath this, the invoice reflects "(with exhibits)" but does not indicate an amount. *See* Doc. Nos. 144-4 at 2, 6, 8. The other invoices challenged by NASCAR specifically identify the amount charged for copying deposition exhibits. *See e.g.* Doc. Nos. 144-2 at 13, 17, 19; 144-3 at 5, 7, 14; 144-4 at 16, 20. Thus, it appears that the court reporter did not charge for copying the deposition exhibits and the cost of these depositions should be taxed to NASCAR.

IV. <u>**CONCLUSION**</u>

Based upon the forgoing, it is **RECOMMENDED** that the Motion be **GRANTED in part and DENIED in part**:

1. Cessna should be awarded $3,569 for serving summons and subpoenas, witness costs, docket fees and copying costs;

2. Cessna should be awarded the full $2,488.85 cost for copying the depositions of Richardson, Schober and Pomroy;

3. The costs associated with copying the deposition exhibits totals $25,215.05 and should be reduced by half, for a total cost allowed of $12,607.53; and

4. The Court should award Cessna costs in the total amount of $39,373.63 broken down as follows:

$3,569 (serving summons and subpoenas, witness costs, docket fees and copying costs);

$20,708.25 (deposition costs not objected to);

$2,488.85 (Richardson, Schober and Pomroy depositions); and

$12,607.53 (deposition exhibit copying costs objected to and allowed).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this report and recommendation shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida on October 17, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
**Presiding District Judge**
Counsel of record
Unrepresented parties